```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

MICHAEL WOJCHOWSKI, SR., by his
attorney-in-fact, LUCY WOJCHOWSKI
and LUCY WOJCHOWSKI,

                              Plaintiffs,                05-CV-6576T

            v.                                        **ORDER**

ANTONIA NOVELLO, M.D., Commissioner,
New York State Department of Health,
and PATRICIA STEVENS, Commissioner,
Monroe County Department of Human
and Health Services,

                              Defendants.
_____

## INTRODUCTION

    Plaintiffs Michael Wojchowski, Sr., ("Mr. Wojchowski") by his attorney-in-fact, Lucy Wojchowski, and Lucy Wojchowski ("Mrs. Wojchowski") bring this action against defendants Antonia Novello, M.D., the Commissioner of the New York State Department of Health, and Patricia Stevens, the Commissioner of the Monroe County Department of Human and Health Services seeking injunctive and declaratory relief. Specifically, the plaintiffs seek an order directing the defendants to stop automatically allocating Social Security benefits received by Mr. Wojchowski, (who resides in a long-term healthcare facility) to his wife Lucy for purposes of determining her income. According to the plaintiffs, the act of automatically allocating Mr. Wojchowski's benefits to Mrs. Wojchowski violates the anti-alienation provision of the Social Security Act, (codified at 42 U.S.C. § 407(a)) which prohibits the

assignment or transfer of rights to payment of social security benefits, and protects monies paid or payable to the recipient of social security benefits from execution, levy, attachment, garnishment, or "other legal process." 42 U.S.C. § 407(a). Plaintiffs contend that Mr. Wojchowski's benefits have been subjected to "other legal process" because the defendants have taken into account his benefits in determining the monthly income available to Mrs. Wojchowski for purposes of determining medicaid eligibility. Plaintiffs also allege that the defendants' allocation practice violates the income determination provisions of the Medicaid Catastrophic Coverage Act. 42 U.S.C. § 1396r-5.

Defendants deny plaintiff's allegations and move to dismiss plaintiff's complaint on grounds that because the allocation process neither takes or assigns Mr. Wojchowski's benefits, nor subjects his benefits to execution, levy, attachment, garnishment, or other legal process, defendants' attribution of Mr. Wojchowski's benefits to Mrs. Wojchowski for purposes of determining medicaid eligibility does not violate the anti-alienation provision of the Social Security Act. Defendants further contend that the allocation process does not violate the Medicaid Catastrophic Coverage Act.

For the reasons set forth below, I grant defendant's motion to dismiss plaintiffs' Complaint.

BACKGROUND

Plaintiffs Michael and Lucy Wojchowski are a married couple living in Monroe County, New York. At the time the Complaint was filed, Mr. Wojchowski was 85 years of age, and, for purposes of receiving necessary medical care, resided at the Hill Haven Nursing Home in the Town of Webster, New York. As such, Mr. Wojchowski is considered an "institutionalized" spouse for purposes of determining Medicaid eligibility. Mrs. Wojchowski continued to live in the couple's marital home, and under Medicaid regulations, is considered a non-institutionalized spouse or a "community spouse".

In late 2004 or early 2005, the plaintiffs filed an application with the defendants to receive Medicaid benefits to help cover the costs of Mr. Wojchowski's care. Prior to filing the application for benefits, Mrs. Wojchowski, pursuant to the Medicaid Catastrophic Coverage Act, declared that the couple's assets of approximately $575,000 were not "available" for Mr. Wojchowski's care, and therefore, Mr. Wojchowski would require assistance from the Medicaid program. On February 22, 2005, the plaintiffs received a notice indicating that Mr. Wojchowski was eligible for Medicaid assistance, but since Mrs. Wojchowski's assets were approximately $480,000 greater than the Medicaid's then-existing limit of $92,760.00, Mrs. Wojchowski could be subject to a support recovery claim against her by the defendants.

Plaintiff's objected to this determination, and requested an administrative hearing before an Administrative Law Judge ("ALJ") for purposes of determining the amount of assets that Mrs. Wojchowski would be allowed to retain for her own needs. Specifically, Mrs. Wojchowski argued that because she had very little monthly income, she needed the entire amount of the couple's assets to generate a sufficient monthly income upon which she could rely to meet her living expenses.

The ALJ, however, found that Mrs. Wojchowski had income of approximately $1,367.00 per month. In calculating Mrs. Wojchowski's monthly income, the ALJ allocated Mr. Wojchowski's Social Security benefits of approximately $976.00 per month as part of Mrs. Wojchowski's income. As a result, the ALJ found that because Mrs. Wojchowski had $1,367.00 in income per month, she did not need all of the couple's assets to generate sufficient income upon which she could live. Specifically, the ALJ determined that Mrs. Wojchowski could retain approximately $188,000 in assets. As a result, Mrs. Wojchowski's remaining assets of approximately $387,000 could be subject to a support recovery claim by the defendants. Following the ALJ's determination, the plaintiffs brought this action claiming that the defendants' allocation of Mr. Wojchowski's Social Security Benefits violates the anti-alienation provision of the Social Security Act, and the income determination provisions of the Medicaid Catastrophic Coverage Act.

DISCUSSION

I.   Defendants' Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of the Complaint where the plaintiff has failed to state a claim upon which relief can be granted.  When evaluating a Rule 12(b)(6) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief.  Ferran v. Town of Nassau, 11 F.3rd 21, 22 (2d Cir. 1993), cert. denied, 513 U.S. 1014 (1994).  The court may grant a Rule 12(b)(6) motion only where "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

   II.  Consideration of Mr. Wojchowski's Social Security
        Benefits in determining Mrs. Wojchowski's Income does not
        violate the anti-alienation provision of the Social
        Security Act.

Plaintiffs allege that the defendants have violated the anti-alienation provision of the Social Security Act by allocating Mr. Wojchowski's Social Security benefits to Mrs. Wojchowski for purposes of determining her monthly income under Medicaid

guidelines. The anti-alienation provision of the Social Security Act provides in relevant part that:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a). In support of their argument, plaintiffs cite the Second Circuit Court of Appeals case Robbins v. DeBuono, 218 F.3d 197 (2nd Cir. 2000), in which the Court of Appeals held that automatic allocation of an institutionalized spouse's Social Security benefits to the other spouse for purposes of determining the non-institutionalized spouse's income violated Section 407(a) because the allocation of that income constituted "other legal process" to which the institutionalized spouse's benefits could not be subjected. In so holding, the Court of Appeals noted that the term "other legal process" was to be given an "expansive" interpretation. Robbins, 218 F.3d at 201.

While Robbins does support the plaintiff's position that Mr. Wojchowski's Social Security benefits may not automatically be deemed to be income to Mrs. Wojchowski, the rationale upon which Robbins was based was undermined by the more recent Supreme Court Decision of Washington State Department of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371 (2003). In Keffeler, the Supreme Court held that the term "other legal

process" as used in the anti-alienation provision of the Social Security Act had a very narrow meaning, and that such process:

> should be understood to be much like the processes of execution, levy, attachment, and garnishment, <u>and would seem to require utilization of some judicial or quasi judicial mechanism, though not necessarily an elaborate one, by which control over property passes from one person to another</u> in order to discharge or secure discharge of an allegedly existing or anticipated liability.

<u>Keffeler</u>, 537 U.S. at 385. (emphasis added). Because the process of allocating Mr. Wojchowski's Social Security benefits to Mrs. Wojchowski for purposes of determining her monthly income does not actually effect a taking of his benefits, nor wrest control over his benefits, the defendants' practice of considering Mr. Wojchowski's benefits in determining Mrs. Wojchowski's income does not constitute the use of "other legal process" as that term is used in the anti-alienation provision of the Social Security Act, and therefor, does not violate that provision. <u>See</u> <u>e.g.</u> <u>Ruck v. Novello</u>, 295 F.Supp.2d 258, 263-64 (W.D.N.Y., 2003)(Larimer, J.)(holding that deeming of institutionalized spouse's social security benefits did not violate anti-alienation provision of Social Security Act because allocating benefits to the non-institutionalized spouse "did not, and could not, direct that control over property be passed from one person to another.")

This result is in accord not only with the <u>Ruck</u> case decided by Judge Larimer of this court, but also with the recent

Massachusetts District Court case of <u>Bianconi v. Preston</u>, 383 F.Supp.2d 276, 278 (D. Mass. 2005), in which Judge Ponsor held that the consideration of an institutionalized spouse's Social Security benefits in determining the other spouse's income did not violate the anti-alienation provision of the Social Security Act. In so holding, Judge Ponsor noted that the Second Circuit itself in <u>Binder and Binder, P.C. v. Barnhart</u>, 399 F.3d 128 (2nd Cir. 2005) has questioned the continuing viability of <u>Robbins</u> in light of <u>Keffeler</u>. In <u>Binder</u>, the Second Circuit noted that <u>Keffeler</u> "subtly disturbed the law of this Circuit" by endorsing a "restrictive" interpretation of the term "other legal process" in contrast to the Second Circuit's previous preference for an "expansive definition" of that term. <u>Binder</u>, 399 F.3d at 133-134. Because the narrow interpretation of the term "other legal process" as set forth by the Supreme Court of the United States in <u>Keffeler</u> is binding upon this court, I find that the defendants' practice of deeming an institutionalized spouse's Social Security benefits to be income to the non-institutionalized spouse does not violate the anti-alienation provision of the Social Security Act. Accordingly, I grant defendants' motion to dismiss plaintiffs' claims pursuant to the Social Security Act.

> III. Consideration of Mr. Wojchowski's Social Security Benefits in determining Mrs. Wojchowski's Income does not <u>violate the Medicaid Catastrophic Coverage Act</u>.

Plaintiffs contend that the defendants' practice of deeming an institutionalized spouse's social security benefits to be income available to the non-institutionalized spouse violates the income-determination rules of the Medicaid Catastrophic Coverage Act ("MCCA") because under the MCCA, an institutionalized spouse has the right to decline to make his or her income available to the non-institutionalized spouse. <u>See</u> 42 U.S.C. 1396r-5(d)(1)(B)(non-institutionalized spouse eligible for a monthly income allowance where institutionalized spouse has made his or her income available to the non-institutionalized spouse).

The Supreme Court, however, in <u>Wisconsin Department of Health and Family Services v. Blumer</u>, 534 U.S. 473 (2002), has held that a State may automatically allocate an institutionalized spouse's income to the non-institutionalized spouse for purposes of determining the non-institutionalized spouse's income. Specifically, the Court held that this "income first" methodology of determining the non-institutionalized spouse's income does not violate the income-determination provisions of the MCCA. Accordingly, because New York State's practice of automatically deeming an institutionalized spouse's social security benefits to be available to the non-institutionalized spouse does not violate

the MCCA, I grant defendants' motion to dismiss plaintiffs' claims under the MCCA.

## CONCLUSION

For the reasons set forth above, I grant defendants' motion to dismiss, and dismiss plaintiffs' complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca<br>
MICHAEL A. TELESCA<br>
United States District Judge

Dated:    Rochester, New York
          July 7, 2006